IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **OMAHA NEON SIGN CO., INC.,**<br><br>                   **Plaintiff,**<br><br>    vs.<br><br>**CONTINENTAL WESTERN INSURANCE COMPANY,**<br><br>                   **Defendant.** | **8:20CV466**<br><br>**FOURTH AMENDED<br>CASE PROGRESSION ORDER** |

    This matter comes before the Court on the parties' Joint Motion to Amend the Third Amended Case Progression Order (Filing No. 49). After a review of the parties' motion, the Court finds good cause to grant the requested extensions. Accordingly,

    **IT IS ORDERED** that the Joint Motion to Amend the Third Amended Case Progression Order (Filing No. 49) is granted, and the third amended case progression order is amended as follows:

1) The deadline for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is extended to **February 24, 2022**.

2) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is extended to **March 25, 2022**.

3) The trial and pretrial conference will not be set at this time. A planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **March 25, 2022**, at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) The deadline for filing motions to dismiss and motions for summary judgment remains **April 21, 2022**.

5) The deadline for filing motions to exclude testimony on *Daubert* and related grounds remains **April 28, 2022**.

6) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

7)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 23rd day of November, 2021.

                                              BY THE COURT:

                                              s/Michael D. Nelson
                                              United States Magistrate Judge